IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>CALVIN S. LAWRENCE,<br><br>  Defendant. | Case No. 3:12-CR-30272-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release filed by Defendant Calvin Lawrence (Doc. 39). Lawrence is serving a 151-month sentence in the Bureau of Prisons ("BOP") for the distribution of cocaine base (Doc. 24).

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

After such a motion is filed, either by the Director of BOP or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in

§ 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## DISCUSSION

Lawrence, who is now 37 years old, asks the Court to grant his request for compassionate release because his weight, diabetes, high blood pressure, open heart surgery place him at a high risk of severe complications if he were to contract the COVID-19 virus (Doc. 39, pp. 5-6).

The Government argues that Lawrence's medical conditions do not raise to the level of extraordinary and compelling as required by 18 U.S.C. § 3582(c)(1)(A). On February 11, 2021, Lawrence received his second dose of the COVID-19 vaccine (Doc. 42-

1). This puts Lawrence at a reduced chance of dangerous infection. Further, Lawrence received adequate care for his various ailments and does not contend otherwise (Doc. 42-2).

Even if the Court were to find that Lawrence's medical conditions, alone or in conjunction with the COVID-19 pandemic, constituted extraordinary and compelling reasons for release, the § 3553(a) factors and the requirement that the defendant not be "a danger to the safety of any other person or to the community" weigh against releasing him. Lawrence's criminal history includes two prior felony convictions for aggravated fleeting and unlawful delivery of a controlled substance (Doc. 16, p. 6). In fact, Lawrence was already on parole for the unlawful delivery of a controlled substance at the time the instant offense was committed. Based on this conduct, the Court cannot guarantee that Lawrence would not be a danger to the safety of any other person or the community if he were released.

Because Lawrence has not established any extraordinary and compelling reasons warranting a reduction in his term of imprisonment, and because the Court is concerned Lawrence would be a danger to the community if he were released, his Motion for Compassionate Release (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  April 21, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**